| | |
|---|---|
| CHARLOTTE CHIROPRACTIC CLINIC, P.A. d/b/a CHIROCAROLINA )<br><br>Plaintiff, )<br><br>v. )<br><br>RICHARD WILLIAMS and CHIRO-CAROLINA FAMILY AND SPORTS CARE, PLLC )<br><br>Defendants. ) | Civil Action No. _____ |

# COMPLAINT

Plaintiff Charlotte Chiropractic Clinic, P.A. d/b/a ChiroCarolina ("ChiroCarolina"), for its Complaint against Dr. Richard Williams ("Dr. Williams") and Chiro-Carolina Family and Sports Care, PLLC, ("CCFSC") (collectively, "Defendants"), pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff ChiroCarolina seeks judgment against the Defendants for federal unfair competition and false designation of origin under The Lanham Act, 15 U.S.C. § 1125, for unfair competition and trademark infringement under the common law of North Carolina, for unfair methods of competition and unfair or deceptive trade practices in violation of N.C.G.S.A. § 75-1.1 and related provisions, and tortious interference with prospective business and contractual relations under the common law of North Carolina.

## THE PARTIES

2. Plaintiff ChiroCarolina is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located in Charlotte, NC.

3. Upon information and belief, Defendant CCFSC is a Professional Limited Liability Company organized and existing under the laws of the State of North Carolina, with its principal place of business at 174 Bolick Ln., Suite 102, Taylorsville, NC 28681.

4. Upon information and belief, Defendant Williams works at Defendant CCFSC, and is the Organizer and Managing Member thereof, and resides at 760 Wildlife Access Road, Hickory, NC 28601. Defendant Williams at all times has directed and participated in the infringing acts and unfair competition of CCFSC against Plaintiff ChiroCarolina.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action upon the following grounds:

   a. 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

   b. 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating Commerce;

   c. 28 U.S.C. § 1338(a), this being a civil action arising under the copyright and/or trademark laws of the United States, namely, 15 U.S.C. § 1051 *et seq.*;

   d. 28 U.S.C. § 1338(b), this being a civil action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws; and

   e. 28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of the Court that they

form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391 (b), and (c).

## BACKGROUND FACTS

### Plaintiff and its CHIROCAROLINA Mark

7.  Plaintiff ChiroCarolina ("Plaintiff" or "ChiroCarolina") is a chiropractic clinic founded by Dr. Henry Rice, a chiropractor with over 30 years of experience evaluating and treating patients in the field of chiropractic medicine. Dr. Rice is well-known and well-respected in the North Carolina medical community due to both his experience in practice and research, and he has been published in distinguished journals such as The New England Journal of Medicine.

8.  ChiroCarolina is presently owned and managed by Dr. Ferzaan Ali, who joined the ChiroCarolina practice in 2006. During his course of study, Dr. Ali was the recipient of several awards and honors, including graduating Magna Cum Laude from Cleveland Chiropractic College, and receiving an award for clinic excellence and service during a prestigious externship program at Truman Medical Center Hospital. He has become well known in the North Carolina medical community for both his practice and his research, and has received acclaim for starting a chiropractic clinic at the Veterans Administration Hospital in Salisbury, NC, where he is on staff and continues to provide treatment one day a week. ChiroCarolina is the only Federally Mandated Satellite Clinic for the Veterans Hospital in North Carolina.

9.  So as to enhance the reputation and notoriety of Plaintiff, Plaintiff adopted as early as March 2010, and since has used continuously in interstate commerce, the

"ChiroCarolina" service mark (the "CHIROCAROLINA Mark ") in connection with the offering for sale and provision of chiropractic services.

10. ChiroCarolina is a very successful chiropractic clinic, with hundreds of thousands of dollars in annual revenues, three doctors on staff, and a support staff of eight people, all of whom work together to serve over 1,400 patients each month out of two locations.

11. ChiroCarolina recently filed an application to register its ChiroCarolina trademark with the United States Patent and Trademark Office. U.S. Service Mark Application Serial No. 86/245,824 for CHIROCAROLINA in International Class 044 for "Chiropractic services" was preliminarily approved for registration by the United States Patent and Trademark Office (the "CHIROCAROLINA Application"). *See* Exhibit A.

## Unlawful Acts of the Defendants

12. Defendant CCFSC is a chiropractic clinic in Taylorsville, N.C. that operates under the name "Chiro-Carolina Family and Sports Care." Upon information and belief, Dr. Williams is the Managing Member and Organizer of Defendant CCFSC.

13. Defendants commenced use of the "Chiro-Carolina Family and Sports Care" designation in connection with chiropractic services long after Plaintiff first used the CHIROCHAROLINA mark in connection with chiropractic services.

14. Without authorization, license or consent from Plaintiff, Defendants have been using reproductions, counterfeits, copies and colorable imitations of Plaintiff's CHIROCAROLINA Mark in North Carolina, in connection with the advertising, marketing, offering for sale, sale and provision of chiropractic services, and in a manner which is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers.

15. Defendants have also have applied unauthorized reproductions, counterfeits, copies, and colorable imitations of Plaintiff's CHIROCAROLINA Mark to the labels, signs, prints, and advertisements used and intended to be used in commerce upon or in connection with the advertising, marketing, offering for sale, sale and provision of chiropractic services, and in a manner which is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers.

16. Specifically, without authorization, license or consent from Plaintiff, Defendants are and have been using in commerce in North Carolina the designations "Chiro-Carolina" and "Chiro Carolina" (the "Infringing Designations") in connection with chiropractic services, which designations are identical to Plaintiff's CHIROCAROLINA Mark save for spacing and punctuation.

17. By marketing, advertising, offering for sale, selling and distributing services bearing and in conjunction with the Defendants' Infringing Designations, Defendants have intentionally violated Plaintiff's rights in and to the CHIROCAROLINA Mark, and with the knowledge and intention that the use in commerce would cause and is causing confusion, mistake and deception among consumers and potential consumers.

18. Defendants also, in connection with the marketing, advertising, offering for sale, sale and distribution of services bearing and in conjunction with Defendants' Infringing Designations, have caused, are causing and are likely to cause confusion and mistake, and have deceived and are likely to deceive, as to the affiliation, connection, and association of Defendants with Plaintiff, and as to the origin, sponsorship, and approval of the Defendants' goods, services and commercial activities.

19. ChiroCarolina first learned of the existence of Defendants and their Infringing Designations in or around April 2014.

20. On or about April 10, 2014, Jason Sneed, Counsel for Plaintiff sent a letter to Defendants putting them on notice of Plaintiff's rights in the CHIROCAROLINA Mark, and demanding that Defendants immediately cease and desist from using any mark confusingly similar thereto (the "April 10 Letter"). *See* Exhibit B.

21. Having received no response from Defendants, on or about May 5, 2014, Dr. Ali called CCFSC and asked to speak to Dr. Williams. Dr. Williams declined to come to the phone, and Dr. Ali left a voicemail concerning the April 10 Letter. Dr. Williams did not return Dr. Ali's call.

22. Upon information and belief, in April or May of 2014, Defendants began advertising a special offer on its website using the Infringing Designations for $25 chiropractic adjustments.

23. Since at least as early as May 2014, Defendants have made numerous false statements about the nature of their practice and services, and have been associating themselves falsely with Plaintiff's business and services, seeking to confuse consumers and lead them to falsely believe that Defendants are associated with Plaintiff and Plaintiff's outstanding reputation.

24. Upon information and belief, on or about May 9, 2014, an individual called Defendants inquiring about ChiroCarolina's VA Hospital Satellite Clinic and treatment for Veterans. She falsely was told by Defendants that Dr. Williams was also on staff at the Veterans Administration Hospital and that Defendant CCFSC was a satellite treatment office for the Veterans Administration. Defendants invited her to make an appointment with Defendants.

25. Upon information and belief, on or about May 9, 2014, an individual called Defendants inquiring about Dr. Ali's participation in the OrthoCarolina Oscar Miller Day symposium and involvement with orthopedics on research papers. Defendants falsely told her that Dr. Williams was invited to this event, and invited her to make an appointment with Defendants.

26. Upon information and belief, on or about May 16, 2014, an individual who was a former patient of ChiroCarolina called Defendants asking whether ChiroCarolina had a new location in Taylorsville because he was a former patient who worked near Hickory, N.C.. He falsely was told by Defendants that Taylorsville indeed was a new location of ChiroCarolina, and Defendants invited him to make an appointment with Defendants.

27. Upon information and belief, on or about May 19, 2014, an individual who was a former patient of ChiroCarolina called Defendants asking whether ChiroCarolina had a new location in Taylorsville because she was living near Denver, N.C.. Defendants falsely told her that Taylorsville indeed was a new location of ChiroCarolina, and invited her to make an appointment with Defendants.

28. Upon information and belief, on or about May 19, 2014, an individual who was a former patient of ChiroCarolina called Defendants asking whether ChiroCarolina had a new location in Taylorsville because he was living near Lincolnton. Defendants falsely told him that Taylorsville indeed was a new location of ChiroCarolina, and invited him to make an appointment with Defendants.

29. On or about May 19, 2014, unaware of Defendants' false statements, Counsel for Plaintiff, Sarah Hsia, phoned CCFSC and spoke to Dr. Williams concerning the April 10 Letter. Dr. Williams claimed that he had not received a copy of the April 10 Letter, and Ms. Hsia

arranged for another copy of the letter to be sent certified mail, return receipt requested. Upon information and belief, Dr. Williams received the April 10 letter at least as early as May 22, 2014. *See* Exhibit C.

30. However, upon information and belief, on or about May 27, 2014, yet another individual called Defendants inquiring about research publications authored by Dr. Ali and showcased as press releases on ChiroCarolina's website, and Defendants falsely informed him that the research was conducted by Dr. Williams. Defendants invited him to make an appointment with Defendants.

31. On or about June 9, 2014, Mr. Sneed received a letter via email from Jennifer Anderson of Olive & Olive, P.A., who Defendants had retained as their counsel (the "June 9 Letter"). *See* Exhibit D.

32. Upon information and belief, on or about June 16, 2014, an individual mistakenly called Defendant and asked about the extensive insurance options advertised on Plaintiff ChiroCarolina's website. Defendant falsely told her that Defendants also accepted a variety of insurance plans and was invited her to make an appointment with Defendants.

33. On June 24, 2014, Ms. Hsia sent a letter responding to misstatements and misconceptions contained in the June 9 Letter (the "June 24 Letter"). *See* Exhibit E. In the June 24 Letter, Ms. Hsia set forth details about seven instances of actual confusion between Defendants and ChiroCarolina that Plaintiff had become aware of subsequent to the April 10 Letter.

34. On July 17, 2014, Ms. Anderson wrote an email to Ms. Hsia requesting further information about the instances of actual confusion described in the June 24 Letter; Ms. Hsia responded in a letter dated July 28, 2014 with additional details. *See* Exhibits F, G.

35. On August 27, 2014, Ms. Anderson wrote another email to Ms. Hsia requesting still further information about the instances of actual confusion described in the June 24 Letter, and indicating that they were continuing to investigate. *See* Exhibit H.

36. However, notwithstanding Defendants' awareness of ChiroCarolina's rights and the instances of actual confusion and false statements made by Defendants, on information and belief, on or about September 8, 2014, an individual who was a former patient of ChiroCarolina mistakenly called Defendants inquiring about recent Facebook posts by ChiroCarolina. Defendants falsely affirmed that the Facebook posts had been made by Defendants, and asked when they could see the individual at their Taylorsville location.

37. Moreover, having learned about Plaintiff's CHIROCAROLINA Application, on September 25, 2014 Defendant CCFSC filed a request for an extension of time to oppose the CHIROCAROLINA Application.

38. Subsequently, on or about October 10, 2014, on information and belief, an individual who was a former patient of ChiroCarolina was in an accident, and mistakenly called Defendants seeking an appointment. Defendants told the individual to come in to the Taylorsville location as they treat accident patients, falsely conveying that they were connected to Plaintiff.

39. On information and belief, on October 15, 2014, an individual who was a former patient of ChiroCarolina called Defendants and asked whether Defendants were affiliated with OrthoCarolina lectures and ChiroCarolina. Defendants falsely affirmed and represented to the individual that they were affiliated with both the OrthoCarolina lectures and ChiroCarolina, and invited the individual to make an appointment.

40. Defendants' acts complained of herein have been willful, wanton and in reckless disregard of Plaintiff's rights, with the intent to cause harm to the rights of Plaintiff, and such acts have caused actual confusion among actual and potential consumers of Plaintiff's services sold under and in conjunction with its CHIROCAROLINA Mark. Defendants have passed off their own services as those of Plaintiff, appropriating for themselves the benefits accrued by Plaintiff in and relating to its CHIROCAROLINA Mark over its several years of use, and misappropriating for themselves the goodwill Plaintiff has earned in and to its valuable, senior mark.

## Count I: Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)

41. Plaintiff incorporates by reference paragraphs 1-40 above as if fully set out herein.

42. Defendants have, in connection with their services, used in commerce a word, term, name, symbol or device which is likely to cause confusion or mistake as to the affiliation, connection or association of Defendants with Plaintiff.

43. The acts of Defendants complained of herein constitute unfair competition and passing off under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44. Plaintiff has been damaged by the acts of Defendants complained of herein.

## Count II: False Designation of Origin, 15 U.S.C. § 1125(a)(1)(B)

45. Plaintiff incorporates by reference paragraphs 1-44 above as if fully set out herein.

46. Defendants have, in connection with their services, used in commerce a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which in commercial advertising or promotion, misrepresents the nature,

characteristics, qualities, or geographic origin of their or ChiroCarolina's goods, services or commercial activities.

47. The acts of Defendants complained of herein constitute false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

48. Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count III: Unfair & Deceptive Trade Practices, N.C.G.S. § 75-1.1

49. Plaintiff incorporates by reference paragraphs 1-48 above as if fully set forth herein.

50. The acts of Defendants complained of herein constitute unfair methods of competition in or affecting commerce, and unfair and deceptive acts or practices in or affecting commerce, which proximately have caused actual injury to Plaintiff and its business in this State and elsewhere.

51. The acts of Defendants complained of herein have had the tendency to deceive and mislead consumers and created a likelihood of deception with respect to the Defendants' Infringing Designations and related services, and were performed willfully, wantonly, with the intent to harm Plaintiff and its rights in the CHIROCAROLINA Mark, and with the intent to compete unfairly with Plaintiff.

52. Plaintiff has been damaged by the acts of Defendants complained of herein.

### Count IV: Trademark Infringement, North Carolina Common Law

53. Plaintiff incorporates by reference paragraphs 1-52 above as if fully set out herein.

54. The acts of Defendants complained of herein constitute unfair competition and trademark infringement under the common law of the State of North Carolina.

55. Plaintiff has been damaged by the acts of Defendants complained of herein.

## Count V: Tortious Interference with Actual and Prospective Business Relations, North Carolina Common Law

56. Plaintiff incorporates by reference paragraphs 1-55 above as if fully set out herein.

57. The acts of Defendants complained of herein constitute tortious interference with actual and prospective business relations under the common law of the State of North Carolina.

58. Plaintiff has been damaged by the acts of Defendants complained of herein.

**WHEREFORE**, Plaintiff ChiroCarolina requests that the Court:

(a) Preliminarily and permanently enjoin Defendants from infringing Plaintiff's CHIROCAROLINA Mark, or any mark confusingly similar thereto;

(b) Preliminarily and permanently enjoin Defendants from unfairly competing against Plaintiff;

(c) Preliminarily and permanently enjoin Defendants from falsely representing the nature, characteristics, qualities and origin of its services and commercial activities;

(d) Preliminarily and permanently enjoin Defendants from infringing Plaintiff's rights under North Carolina common law and from committing trademark infringement under North Carolina common law, and from committing unfair and deceptive trade practices under the North Carolina Unfair and Deceptive Trade Practices Act N.C.G.S. § 75-1.1 et seq.

(e) Award Plaintiff all monetary remedies to which it is entitled under the Lanham Act and the North Carolina Unfair & Deceptive Trade Practices Act, including, without limitation, any and all profits realized by the Defendants, any damages sustained by

Plaintiff, statutory damages to be elected by Plaintiff, treble, enhanced and punitive damages available under North Carolina and federal law, and Plaintiff's costs and attorneys' fees, pursuant to 15 U.S.C. § 1117 and N.C.G.S. 75-1.1 *et seq.*; and

(f) For such other and further relief as the Court deems just;

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this _____ day of October 2014.

*s/Jason M. Sneed*
Jason M. Sneed, Esq. (NC Bar No. 29593)
Sarah C. Hsia (NY Bar No. 4204699)
*to be admitted pro hac vice*
SNEED PLLC
610 Jetton St., Suite 120-107
Davidson, North Carolina 28036
Tel.: 844-763-3347
Email: JSneed@SneedLegal.com
Email: Sarah@SneedLegal.com

*Attorneys for Plaintiff Charlotte Chiropractic Clinic, P.A. d/b/a ChiroCarolina*

*4842-2774-2495, v. 1*