IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No.: 3:14-cv-00585-RJC-DCK

| | |
|---|---|
| Charlotte Chiropractic Clinic, P.A., <br> Plaintiff, <br> vs. <br> Richard Williams and <br> Chiro-Carolina Family and Sports Care, PLLC, <br> Defendants. | **CONSENT JUDGMENT** |

WHEREAS, the parties to this action hereby stipulate, consent and agree to this Consent Judgment to resolve all disputes between them; and

WHEREAS, having examined the terms of this Consent Judgment, and having concluded that its provisions are appropriate to settle and dispose of all disputes between the parties in this action;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this action, and personal jurisdiction and venue over the parties.

2. In 2010, Plaintiff adopted and began using in commerce the term CHIROCAROLINA to identify its Chiropractic Services provided in Mecklenburg County, North Carolina to patients from across the Southeast, and has applied for federal registration of that mark, which application is currently pending as U.S. Application Serial No. 86/245,824.

3. In 2013, Defendants adopted and began using in commerce the term CHIRO-CAROLINA FAMILY AND SPORTS CARE to identify their Chiropractic Services provided in Alexander County, North Carolina.

4. Plaintiff filed suit against Defendants, and the surviving claims of that suit, following entry of preliminary orders, allege that Defendants have violated Plaintiff's rights under the federal Lanham Act and under the North Carolina common law of trademarks.

5. Defendants have filed Opposition No. 91220737 in the United States Trademark Office, opposing issuance of the trademark registration sought by Plaintiff for reasons set out therein.

6. The parties, recognizing that the issues are contested and that the full litigation thereof would be expensive and time-consuming and would detract from their professional practices and their patients, are desirous of resolving the disputes between themselves and of conducting themselves from henceforward in accordance with the terms hereof. Each party denies the facts and claims adverse to itself that the other party has asserted, but in order to resolve this disputed claim have stipulated and do hereby stipulate and agree to be bound by the terms of this Consent Judgment and agree that sufficient facts exist to support the judgment entered herein.

7. Concurrent use of the term CHIROCAROLINA and the term CHIRO-CAROLINA by different parties, each of whom is entitled to provide chiropractic services within the State of North Carolina, could cause confusion amongst potential consumers and is likely to cause such confusion if the markets of the parties overlap. Plaintiff's employees are licensed to provide chiropractic services throughout the State of North Carolina and although Plaintiff's services are not provided from offices within the same county as those of Defendants, Plaintiff advertises outside the territory within which its offices are located, has commenced expansion of its offices from the original premises at which it provided services, and attracts patients from outside the territory in which its offices are located.

8. The term CHIROCAROLINA is entitled to recognition as a mark owned by Plaintiff, which was the first user thereof, rather than Defendant, whose use of the similar term CHIRO-CAROLINA commenced later in time although without intent to infringe. Defendants will not hereafter contest the ownership or validity of Plaintiff's service mark rights in the term

CHIROCAROLINA, nor object to use or registration thereof by Plaintiff. Defendants will withdraw with prejudice their presently pending Opposition No. 91220737 and will not hereafter oppose U.S. Application Serial No. 86/245,824 or seek to cancel any registration issued thereon so long as Plaintiff and/or Plaintiff's successor(s) in interest continue to use and have not abandoned use of CHIROCAROLINA ("abandoned" for this purpose meaning a total cessation of use for all purposes, for a continuous period of at least three consecutive years).

9. Defendants, their agents, and their servants, employees, consultants, and others acting on behalf of Defendants or in concert with either of them, are permanently enjoined, so long as Plaintiff and its successors in interest have not abandoned use of CHIROCAROLINA, from using either of the terms CHIROCAROLINA and CHIRO-CAROLINA, or marks substantially similar to CHIROCAROLINA, to identify to the public all or any aspect of their chiropractic services, including but not limited to the provision of chiropractic treatment and education relating to chiropractic, and the marketing thereof to the public. This shall not, however, be construed to forbid use of the term CHIROPRACTIC and/or the term CAROLINA, either separately or in combination; nor to forbid use of the term CHIRO when not combined with the term CAROLINA.

10. The enjoined parties shall not be required to withdraw or recall, or be responsible for third-party use of, any previously disseminated materials bearing the prohibited marks, nor for any use of the prohibited marks that is not authorized or made under the direction of Defendants. Neither shall Defendants be required to alter the corporate name of Defendant so long as that corporate name does not appear on communications directed to patients and prospective patients but instead is used only for communications where law or regulation requires use of the true corporate name of the party or alteration would require reapplication for approval of contracts and other payment arrangements—for example, communications with insurers and with state or

federal government authorities.

11. As an exception to the injunctive provisions set out above, with respect to the domain name *chirocarolinanc.com,* use shall be discontinued and the domain name transferred to Plaintiff in the following steps:

a. Through December 31, 2015, the domain shall not be directly accessible but persons attempting to access it shall be redirected to www.richardwilliamschiropractic.com/, which shall be a website distinctively and clearly associated with Dr. Richard Williams.

b. From January 1, 2016 through March 31, 2016, the domain shall no longer redirect traffic and shall display an error message indicating that it is unused (typically referred to as an "Error 404 message").

c. On or about April 1, 2016, Plaintiff may take steps to assume ownership of the domain and Defendants shall cooperate with Plaintiff to that end by executing any papers provided to them by Plaintiff, and transmitting any emails or providing any other consents required to accomplish the change in ownership, but at no out-of-pocket cost to Defendants.

12. In the event Plaintiff becomes aware of what it believes to be a violation of the injunctive provisions hereof with respect to cessation of use of the prohibited terms, Plaintiff shall first give notice thereof to Defendants, who shall within ten business days take such steps as are within its control to correct any violation and shall notify Plaintiff of the steps taken or why the alleged violation is not believed to constitute a violation. In the event Defendants do not take such steps as are necessary to cure any violation within ten business days, Plaintiff may then seek relief from the Court.

13. Each party shall refer any inquiry concerning professional services intended for the other party, or the other party's employees, to that other party and neither party shall pass itself off to inquirers as the other party.

14. Each party shall bear its own costs and attorneys' fees incurred to date in this action.

15. Except as otherwise set out hereinabove, all claims of either party against the other are dismissed, and Plaintiff releases Defendants, and Defendants release Plaintiff, from any and all claims, demands and causes of action of any nature whatsoever, known or unknown, which either of them has, or may have had, against the other, whether or not apparent or yet to be discovered pertaining to the claims at issue in this action. This Court shall retain jurisdiction over this action and the parties to this action for the sole purposes of enforcement of this Judgment.

IT IS SO ORDERED:

Dated: 11.23.15                                 _____

AGREED AS TO FORM AND SUBSTANCE:

| FOR PLAINTIFF: | FOR DEFENDANTS: |
|---|---|
| Charlotte Chiropractic Clinic, P.A. | Chiro-Carolina Family and Sports Care, PLLC |
| By: _____ <br> Name: Ferzaan A. Ali, DC <br> Title: President, Owner <br> 10/26/2015 | By: _____ DC, LAT, ATC, CCEP <br> Name: Richard Williams, DC, LAT, ATC, CCEP <br> Title: Chiropractic Physician/Owner <br> _____ DC, LAT, ATC, CCEP <br> Richard Williams, Individually  10/27/15 |
| SNEED PLLC <br> Attorneys for Plaintiff <br> *s/Jason M Sneed* <br> Jason M. Sneed, Esq. (NC Bar No. 29593) <br> Sarah C. Hsia (NY Bar No. 4204699) <br> 610 Jetton St., Suite 120-107 <br> Davidson, North Carolina 28036 <br> Tel.: 844-763-3347 <br> Email: JSneed@SneedLegal.com <br> Email: Sarah@SneedLegal.com | OLIVE & OLIVE, P.A. <br> Attorneys for Defendants <br> *s/ Susan Freya Olive* <br> Susan Freya Olive, NC Bar No. 7252 <br> P. O. Box 2049 <br> Durham, North Carolina 27702 <br> Telephone: (919) 683-5514 <br> emailboxWDNC@oliveandolive.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing document, together with any and all attachments thereto, was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record at their addresses of record:

For Plaintiff:
Jason M. Sneed JSneed@SneedLegal.com;
Sarah Chih-Jen Hsia Sarah@SneedLegal.com

For Defendants:
Susan Freya Olive emailboxWDNC@oliveandolive.com

This 28th day of October , 2015.

                                                        s/ Sarah C. Hsia